**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CHARLES BOYD                                                    PLAINTIFF

v.                              NO. 4:08CV02705 JLH/BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                         DEFENDANT


## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This recommended disposition has been submitted to Chief United States District

Judge J. Leon Holmes.  The parties may file specific objections to these findings and

recommendations and must provide the factual or legal basis for each objection.  The

objections must be filed with the Clerk no later than eleven (11) days from receipt of

these findings and recommendations.  A copy of objections must be served on the

opposing party.  The District Judge, even in the absence of objections, may reject these

proposed findings and recommendations in whole or in part.

### II.    Background

Plaintiff Charles Boyd has appealed the final decision of the Commissioner of the

Social Security Administration (the "Commissioner") denying his claim for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and

Supplemental Security income ("SSI") under Title XVI of the Act.

1

Plaintiff filed an application for DIB and SSI on May 25, 2006. (Tr. 37-39; 286-88) The SSA denied his applications initially and upon reconsideration. (Tr. 31-33, 35-36) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on December 12, 2007. (Tr. 298) Plaintiff attended with his attorney. (Tr. 298) At the hearing, Plaintiff's counsel was asked by the ALJ whether he had reviewed the claim file and whether he had any legal objections to any of the proposed exhibits. (Tr. 302) Plaintiff's counsel replied he did not have any objections and did not have any other medical records to add to the file. (Tr. 302) On February 28, 2008, the ALJ issued a decision finding Plaintiff capable of a full range of light work and denying benefits. (Tr. 19)

Plaintiff requested review of the ALJ's unfavorable decision on March 3, 2008. (Tr. 8) On July 15, 2008, Plaintiff's counsel sent, by certified mail, return receipt requested, additional evidence to the Appeals Council for its consideration in determining whether to review the Plaintiff's case. (#12-3 at pp. 1-4) The evidence consisted of twelve pages of medical records from Dr. William Rutledge, Plaintiff's treating physician, dated from January 30, 2007 to March 31, 2008 (the "New Evidence"). (Tr. 12-3 at pp. 3-14) On August 22, 2008, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. In its letter notifying the Plaintiff of its action, the Appeals Council acknowledged that in reaching its decision it "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 4) The Order

of Appeals Council indicates that the Appeals Council considered only Plaintiff's attorney's contentions submitted with Plaintiff's request for review and dated March 27, 2008.  (Tr. 7)  Plaintiff's attorney's contentions discussed some of the New Evidence. (Tr. 293)

Plaintiff has now filed a Motion to Supplement the Record and Motion to Remand (#12).  In the Motion, Plaintiff claims that the New Evidence he sent to the Appeals Council adds additional support for his claim.  Plaintiff asks the Court to add the New Evidence to the record or alternatively to remand the case with instruction to the Commissioner to add the New Evidence to the record.  (#12 at pp. 3-4)  The Commissioner objects claiming the Plaintiff has not met the requirements for remand under 42 U.S.C. § 405(g).

**III.**   **Discussion**

A.   *Review Before the Appeals Council*

Federal regulations permit an applicant who is dissatisfied with the ALJ's ruling to seek administrative review by the Appeals Council.  Under the regulations, the Appeals Council must review a case if there is an abuse of discretion by the ALJ, there is an error of law, the decision of the ALJ is not supported by substantial evidence, or there is a broad policy or procedural issue that may affect the general public interest.  See 20 C.F.R. §§ 404.970(a), 416.1470(a).

When a claimant submits evidence to the Appeals Council that was not submitted to the ALJ, in an attempt to gain review, the Appeals Council must determine whether

that evidence is "new and material" and "relates to the period on or before the date of the

ALJ's decision." 20 C.F.R. §§ 404.970(b), 416.1470(b).  The Eighth Circuit has held that

under the regulations, the evidence is new if it is more than merely cumulative of other

evidence in the record.  See *Bergmann v. Apfel*, 207 F.3d 1065, 1069-1070 (8th Cir.

2000) (psychiatrist's report was new because it was not cumulative of other evidence on

the record and contained more specific findings and conclusions regarding her mental

condition) (citing *Williams v. Sullivan*, 905 F.2d 214, 216).  The Eighth Circuit has also

held that, to be "material" under the regulation, the evidence must be relevant to

claimant's condition for the time period for which benefits were denied and must not

merely detail after-acquired conditions or post-decision deterioration of a pre-existing

condition.  See *Id*.  If the new evidence meets these criteria, the Appeals Council *must*

review the entire record, *including the new evidence*, to determine whether the ALJ's

decision is contrary to the weight of the evidence requiring review from the Appeals

Council.  20 C.F.R. §§ 404.970(b), 416.1470(b).

      B.    *Judicial Review*

      In most cases, a reviewing court reviews the final decision of the Commissioner to

determine whether there were errors of law and whether the decision is supported by

substantial evidence on the record as a whole.  See *e.g.*, *Collins ex rel. Williams v.

Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003) (citing *Qualls v. Apfel*, 158 F.3d 425, 427

(8th Cir. 1998)).  If the Appeals Council grants review, its decision (absent remand to the

ALJ) becomes the Commissioner's final decision that is subject to judicial review.

*Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).  If the Appeals Council denies review, the decision of the ALJ is the final decision of the Commissioner and the reviewing court does not evaluate the Appeals Council's decision to deny review but rather "determines whether the record as a whole, *including the new evidence*, supports the ALJ's determination."  *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000) (emphasis added).[1]

When a claimant submits additional evidence to the Appeals Council, prior to the date the Council issues its final decision, in an attempt to obtain review of an ALJ's decision, and the Appeals Council denies review with an express finding that the additional evidence is not new or material, a reviewing court has jurisdiction to determine whether the Appeals Council erred in determining that the evidence was not "new" or "material" within the meaning of 20 C.F.R. §§ 404.970(b), 416.1470(b).[2]  *Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir. 1990) (court reviewed whether Appeals

---

[1]At this time, the Court cannot consider the New Evidence when analyzing whether there was substantial evidence in the record as a whole to support the decision of the ALJ because the additional Evidence cannot be considered part of the record.  The Court has no authority to add the New Evidence to the record as requested by the Plaintiff.

[2]The Court of Appeals has ruled that its authority for this review is based on its "[j]urisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations," and not its authority to review the "non-final, substantive decision [of the Appeals Council] to deny review."  *Browning*, 958 F.2d at 822-23.

Council's determination that additional medical evidence presented to it was neither new nor material and remanded for consideration of the additional evidence).

In this case, the Appeals Council denied review and did not make an express finding that the additional evidence Plaintiff submitted was not new or material under 20 C.F.R. §§ 404.970(b), 416.1470(b).  After reviewing the transcript, Plaintiff's motion, and the Commissioner's response, it appears the Appeals Council received the New Evidence in a timely fashion.  (#12-3 at pp. 1-2)  It is unclear, however, whether the Appeals Council ever considered it.  The Appeals Council acknowledged considering additional evidence but did not list the New Evidence among the evidence it reviewed. (Tr. 4, 7)

In *Gartman v. Apfel*, 220 F.3d 918 (8th Cir. 2000), the Eighth Circuit considered whether it should remand a case for consideration of new evidence.   After the ALJ held that Gartman was not disabled because she was capable of returning to work, Ms. Gartman appealed to the Appeals Council and submitted a revised opinion from her treating physician finding that she required work in an environment where she could elevate her leg. *Id*. at 920.  The Appeals Council denied review.  *Id*.  The Court noted that in cases where new and material evidence is submitted first to the Appeals Council and the Appeals Council declines review, the new evidence becomes part of the record and is considered during the "substantial evidence" analysis of the Commissioner's decision. *Id*. at 922.  The Court found that it was unclear whether the Appeals Council had ever reviewed the revised opinion of the claimant's treating physician, and if

6

credited, the opinion might persuade the ALJ that the claimant could not return to her past relevant work. *Id*. Accordingly, the Court remanded the case for consideration of the new evidence. *Id*.

As in *Gartman*, here remand is appropriate. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). The New Evidence consists mostly of reports made by Plaintiff's treating physician for treatment of Plaintiff during the relevant time period.[3] Notably, the New Evidence includes a narrative report dated August 13, 2007 (#12-3 at pp. 10-12) in which Plaintiff's treating physician discusses the history of his treatment of Plaintiff, the results of an MRI, and opines that Plaintiff's pain interferes with his ability to focus and concentrate, that Plaintiff would require frequent breaks of 15-30 minutes from a job that requires sitting, and that Plaintiff's physical condition is "permanent in nature." If credited, this opinion evidence from Plaintiff's treating physician might persuade the ALJ that the Plaintiff cannot perform a full range of light work.

---

[3]The New Evidence consists of Dr. Rutledge's reports from examinations of Plaintiff on January 15, 2008 (#12-3 at p. 4) and March 31, 2008 (#12-3 at p. 3); a January 30, 2007 letter from Reza Shahim, M.D. to Dr. Rutledge (#12-3 at p. 5), which appears to be a duplicate of Tr. 164; a May 3, 2007 letter from ECMC to Plaintiff regarding conditional discharge of a student loan due to disability (#12-3 at p. 6); a loan discharge application signed by Dr. Rutledge on May 14, 2007 (#12-3 at p. 7-8) and a similar application revised to add Plaintiff's address (#12-3 at p. 9), which appear to be duplicates of Tr. 285; Dr. Rutledge's Narrative Report dated August 13, 2007 (#12-3 at pp. 10-12); and two copies of an undated "affidavit" of Dr. Rutledge.  (#12-3 at pp. 13-14).

C.      *Sentence Four vs. Sentence Six Remand*

Under 42 U.S.C. § 405(g), a reviewing court's authority to remand must come

from either sentence four or sentence six. *Melkonyan v. Sullivan*, 501 U.S. 89, 99-102,

111 S.Ct. 2157 (1991). Sentence four provides that "[t]he court shall have the power to

enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding

the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four). By contrast, sentence six

provides:

> The court may, on motion of the Commissioner of Social Security made for
> good cause shown before the Commissioner files the Commissioner's
> answer, remand the case to the Commissioner of Social Security for further
> action by the Commissioner of Social Security, and it may at any time order
> additional evidence to be taken before the Commissioner of Social Security,
> but only upon a showing that there is new evidence which is material and
> that there is good cause for the failure to incorporate such evidence into the
> record in a prior proceeding. . . .

42 U.S.C. § 405(g) (sentence six). Accordingly, there are two types of sentence six

remands: "(1) where the Commissioner requests a remand before answering the complaint

of a claimant seeking reversal of an administrative ruling, or (2) where new and material

evidence is adduced that was for good cause not presented during the administrative

proceedings." *Buckner*, 213 F.3d at 1010.

Here, the Plaintiff, not the Commissioner, is seeking remand and the remand is

being sought after, not before, the Commissioner has filed an answer. Consequently, the

first type of sentence six remand is not available.

The Commissioner argues that the second type of sentence six remand is applicable here; however, the second type of sentence six remand is also inapplicable because here the Plaintiff is not seeking remand for consideration of evidence that is "new" within the meaning of this statute.  The second type of sentence six remand is "appropriate when the district court learns of evidence *not in existence or available to the claimant at the time of the administrative proceeding* that might have changed the outcome of that proceeding."  *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658 (1990) (emphasis added).  Since Plaintiff admits the New Evidence in question here existed at the time of the Appeals Council decision, it is not "new" within the meaning of the statute.

Remand pursuant to sentence four, however, is appropriate because the Appeals Council erred by not evaluating the New Evidence as required by the regulations.  See *Gartman*, 220 F.3d at 922; see also *Goodwin v. Astrue*, 549 F.Supp.2d 1125, 1131 (D. Neb. 2008) (remanding a case to the Commissioner pursuant to sentence four where the Appeals Council admitted failing to consider new evidence presented to it by the claimant).  On remand, the Commissioner may consider the new, material evidence timely submitted, but not considered by, the Appeals Council.  The Commissioner must determine the import of that evidence, weighing it against the other medical evidence already in the record, and determine whether the ALJ properly discounted the opinion of Plaintiff's treating physician.

IV.     **Conclusion**

The Court recommends that the District Court deny Plaintiff's Motion to

Supplement the Record, grant Plaintiff's Motion for Remand, reverse the decision of the

Commissioner and remand to the Commissioner pursuant to sentence four of 42 U.S.C.

§ 405(g).

DATED this 12th day of March, 2009.


_____
UNITED STATES MAGISTRATE JUDGE